Mr. James C. Brady City Attorney City of Lauderdale Lakes 1318 Southeast Second Avenue Fort Lauderdale, Florida 33316
Dear Mr. Brady:
On behalf of the City of Lauderdale Lakes, you have asked for my opinion on a number of questions relating to the authority of municipal code enforcement boards. I have combined and rephrased your questions as follows:
1. Is there a time limitation on the authority of a municipal code enforcement board to reduce a fine imposed pursuant to section162.09(2)(c), Florida Statutes?
2. If a municipal code enforcement board refuses to reduce a fine imposed pursuant to section 162.09, Florida Statutes, is the city council authorized to reduce the fine?
3. Must the satisfaction or release of lien contemplated by section 162.09(3), Florida Statutes, be executed by the municipal code enforcement board or is the city council authorized to execute such satisfaction or release?
4. Does a lien arising from a code enforcement board fine imposed pursuant to section 162.09(3), Florida Statutes, run in favor of the municipality or in favor of the municipal code enforcement board?
In sum:
1. Section 162.09(2)(c), Florida Statutes, does not impose a statutory time limitation on the authority of a municipal code enforcement board to reduce fines imposed under that section. However, the board may establish by rule a uniform procedure for reconsideration of fines imposed by the board which includes a time period for considering the reduction of a fine.
2. A city council has no authority to reduce a fine imposed by a municipal code enforcement board pursuant to section 162.09, Florida Statutes.
3. A satisfaction or release of lien entered pursuant to section162.09(3), Florida Statutes, must be executed by the municipal code enforcement board.
4. A lien arising from a municipal code enforcement board fine imposed pursuant to section 162.09(3), Florida Statutes, runs in favor of the municipal code enforcement board that has imposed the lien.
The Local Government Code Enforcement Boards Act, which is set forth in Part I, Chapter 162, Florida Statutes, provides "an equitable, expeditious, effective, and inexpensive method of enforcing any codes and ordinances in force in counties and municipalities, where a pending or repeated violation continues to exist."[1] To accomplish this purpose, the act authorizes the creation of administrative boards with the authority to impose administrative fines and other noncriminal penalties.[2]
Thus, the act grants the governing body of a county or municipality the option of creating (or abolishing) one or more code enforcement boards possessing the powers and duties prescribed by the act. However, if a county or municipality utilizes the enforcement mechanism and procedures provided in Chapter 162, Florida Statutes, it must accept the prescribed procedures set forth in the act.[3]
This office, therefore, has stated that a municipality, or its governing body, derives no delegated authority from Chapter 162, Florida Statutes, to enforce its codes other than as provided in that chapter.[4] In addition, a municipality derives no home rule power from section 2(b), Article VIII, Florida Constitution, or section 166.021, Florida Statutes, to impose any requirements on such boards or to otherwise regulate the statutorily prescribed enforcement procedures.[5]
Section 162.09, Florida Statutes, authorizes the imposition of an administrative fine by a code enforcement board, upon notification by the code inspector that an order of the board has not been complied with by the set time or upon finding that a repeat violation has been committed.[6] The fine may not exceed 250 dollars per day for a first violation and may not exceed 500 dollars per day for a repeat violation.[7] Section 162.09(2)(b), Florida Statutes, provides that in determining the amount of the fine, the code enforcement board shall consider:
"1. The gravity of the violation; 2. Any actions taken by the violator to correct the violation; and 3. Any previous violations committed by the violator."
Question One
Pursuant to section 162.09(2)(c), Florida Statutes, "[a]n enforcement board may reduce a fine imposed pursuant to this section."[8] Nothing in the statute prescribes a time period in which this may be accomplished and this office has no authority to impose such limits independently.[9] In addition, as this office determined in Attorney General Opinion 89-83, the statutes prescribing limitation periods contained in Chapter 95, Florida Statutes, do not apply to those proceedings instituted pursuant to Chapter 162, Florida Statutes.
It would appear to be appropriate for the code enforcement board, as an administrative board, to adopt rules establishing a uniform procedure for considering the reduction of a fine prior to entry of the final administrative order.[10] While the board may not adopt any rule that conflicts with Part I, Chapter 162, Florida Statutes, the board may adopt and implement a rule establishing consistent guidelines for those who come before the board.[11]
Question Two
As discussed above, once a municipality has created a code enforcement board pursuant to the provisions of Part I, Chapter 162, Florida Statutes, it must utilize the enforcement mechanism and procedures set forth in the act to the exclusion of any others.[12] Municipalities derive no power under section 2(b), Article VIII, State Const., or section 166.021, Florida Statutes, to regulate the code enforcement boards or to alter or regulate the statutorily prescribed enforcement procedures.[13]
Thus, in Attorney General Opinion 93-84 this office concluded that a city commission does not have the authority to reduce a fine imposed by a local code enforcement board pursuant to section162.09, Florida Statutes. Rather, the opinion points out that it is the code enforcement board, not the governing body of a municipality, that imposes the fine and has been given the express statutory authority to reduce the fine.[14]
Question Three
Section 162.09(3), Florida Statutes, provides that:
"A certified copy of an order imposing a fine may be recorded in the public records and thereafter shall constitute a lien against the land on which the violation exists and upon any other real or personal property owned by the violator. Upon petition to the circuit court, such order may be enforced in the same manner as a court judgment by the sheriffs of this state, including levy against the personal property, but such order shall not be deemed a court judgment except for enforcement purposes. A fine imposed pursuant to this part shall continue to accrue until the violator comes into compliance or until judgement is rendered in a suit to foreclose on a lien filed pursuant to this section, whichever occurs first. After 3 months from the filing of any such lien which remains unpaid, the enforcement board may authorize the local governing body attorney to foreclose on the lien. No lien created pursuant to the provisions of this part may be foreclosed on real property which is a homestead under s. 4, Art. X of the State Constitution."
While the statute is silent on who may execute the satisfaction or release of lien contemplated by section 162.09(3), Florida Statutes., it is my opinion based on the authority cited herein that it is the responsibility of the code enforcement board.
In Attorney General Opinion 84-55 this office stated that "[c]hapter 162 does not delegate the Legislature's exclusive power to fix or provide for administrative penalties or the costs of prosecution of the legislatively-prescribed enforcement procedures or the collection of such penalties or costs." In my opinion, this reasoning applies to your third question to the extent that a satisfaction or release of lien as contemplated by section162.09(3), Florida Statutes, must be accomplished by the code enforcement board.
Question Four
In light of my response to your third question and the discussion contained herein, it is my opinion that any lien arising from a code enforcement board fine imposed pursuant to section 162.09(3), Florida Statutes, would run in favor of the code enforcement board imposing the lien.[15]
Sincerely,
Robert A. Butterworth Attorney General
RAB/tlt
[1] Section 162.02, Fla. Stat.
[2] Id. Based on provisions of the Florida Constitution, this office has stated that the enactment of Ch. 162, Fla. Stat., was necessary for the creation of administrative enforcement procedures and the imposition of administrative fines. See, e.g., Ops. Att'y Gen. Fla. 89-93 (1989) and 89-16 (1989). And see, s. 1, Art. V, Fla. Const. (administrative bodies established by law may be granted quasi-judicial powers in matters connected with the functions of their offices), and s. 18, Art. I, Fla. Const. (no administrative agency shall impose a sentence of imprisonment or any other penalty except as provided by law).
[3] Cf., Part II, Ch. 162, Fla. Stat., providing a supplemental method of enforcing county or municipal codes, and s. 166.0415, Fla. Stat.
[4] Attorney General Opinions 89-16, 85-33, and 84-55.
[5] See, e.g., Ops. Att'y Gen Fla. 86-10 (1986), 85-84 (1985), 85-27 (1985), and 85-17 (1985).
[6] Section 162.09(1), Fla. Stat.
[7] Section 162.09(2)(a), Fla. Stat.
[8] This office has informally stated that the mayor of a municipality has no authority under Ch. 162, Fla. Stat., or Ch.166, Fla. Stat., the Municipal Home Rule Powers Act, to compromise or settle or otherwise change or effect a lien imposed by the municipal code enforcement board pursuant to Ch. 162, Fla. Stat.See, Informal Opinion to Ilene Lieberman of June 2, 1988.
[9] The Attorney General's Office has no authority to supply additional words to or modify the meaning of a duly enacted statute. See, Ops. Att'y Gen. Fla. 87-43 (1987), 86-32 (1986), and 82-20 (1982). Cf., Chaffee v. Miami Transfer Company, Inc.,288 So.2d 209 (Fla. 1974).
[10] Section 162.08(1), Fla. Stat., authorizes each code enforcement board to "[a]dopt rules for the conduct of its hearings."
[11] Cf., Op. Att'y Gen. Fla. 88-62 (1988), in which this office concluded that if a code enforcement board adopts rules relating to the conduct of meetings such rules must conform to s. 286.012, Fla. Stat., which requires a member who is present at a meeting to vote unless a conflict of interest exists or appears to exist.
[12] Supra at footnote 4.
[13] See, Op. Att'y Gen. Fla. 84-55 (1984) (municipality may not by ordinance require that the code enforcement board impose an administrative charge or fee on those found guilty by the board of violation of one or more technical codes.)
[14] And see, Informal Opinion to Mr. Scott Simpson of August 25, 1993, stating that while a municipality is generally authorized to settle or compromise legal actions brought against the city, it does not have the authority to interject itself into the appeals process under Ch. 162, Fla. Stat., to overrule or foreclose actions of the code enforcement board.
[15] Supra at footnote 8.